Filed 8/19/24  P. v. Churchill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C099204 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F21000274, CR0000208B) |
| v. | |
| GARRETT JAY CHURCHILL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Garrett Jay Churchill asks this court to review the record in two cases and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.  We direct the trial court to amend the abstract of judgment to list a conviction assessment of $30.

1

## I.  BACKGROUND

In 2018, defendant was convicted of possession of a short-barreled shotgun (Pen. Code, § 33215) in El Dorado County.[1]  Defendant was released on community supervision in 2020.  In 2023, the probation department petitioned to have defendant's post-release community supervision revoked, alleging that for months defendant had failed to report to his probation officer, advise his probation officer of a change in residence, and report all contact with law enforcement.  After a contested violation and revocation hearing in case No. CR0000208B, the trial court sustained the petition and found defendant in violation of the terms of his post-release community supervision.

Separately, in 2021, in case No. F21-000274, the People charged defendant with attempting to deter an executive officer (§ 69), and alleged a prior serious or violent felony (§§ 667, 1170.12).  Defendant pled guilty to the offense, and the prior strike allegation was dismissed.  The trial court suspended imposition of sentence and granted defendant two years' probation.  In 2022, the probation department petitioned to have defendant's probation revoked for failure to enroll in a treatment program and failure to report to the probation department.  The trial court found defendant violated the terms of his probation.

On June 16, 2023, the trial court sentenced defendant to the middle term of two years in case No. F21-000274 and to a concurrent term of 180 days in case No. CR0000208B.  Along with other fines and fees, the court imposed a $30 conviction assessment pursuant to Government Code section 70373.  The abstract of judgment lists this assessment as $300.

Defendant timely appealed.

---

[1] Undesignated statutory references are to the Penal Code.

## II.  DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant.  Accordingly, we will affirm the judgment.  But as noted above, there is a discrepancy in the record as to the amount of the conviction assessment.  The correct amount is $30 as imposed by the trial court at sentencing.  (See Gov. Code, § 70373, subd. (a)(1) ["The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony"].)  The trial court shall amend the abstract of judgment to list the conviction assessment as $30 instead of $300.

## III.  DISPOSITION

The judgment is affirmed.  The trial court shall prepare an amended abstract of judgment listing a conviction assessment of $30 and forward it to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

ROBIE, J.

3